FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**    2016 FEB 12 AM 11: 06

Civil Action No. _____'16 — CV — 0 0 3 4 8_____    JEFFREY P. COLWELL
(To be supplied by the court)    CLERK

BY_____DEP. CLK

DeMarques A. Taylor *pro se*_____, Plaintiff,

v.

2nd Judicial District Denver; State of Colorado    ,

_____,

_____,

_____,

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

---

## COMPLAINT

---

(Rev. 07/06)

## 2
## PARTIES

1.  Plaintiff    DeMarques A. Taylor *pro se*    is a citizen of  The United States of America
    who presently resides at the following address:
    1520 S. Albion St. Apt.302 Denver, CO. 80222

2.  Defendant   The State of Colorado    is a citizen of  The United States of America
    who live(s) at or is/are located at the following address:
    Office of the State Court Administrator; 1300 E. 13th Ave. Suite 1200 Denver, CO. 80203

3.  Defendant    is a citizen of
    who live(s) at or is/are located at the following address:

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4.  Jurisdiction is asserted pursuant to following statutory authorities:
    The Plaintiff is a citizen of the United States of America and a resident of Denver County within the State of Colorado. The U.S. Equal Employment Opportunity Commission provided a *Notice of Suit Rights* dated November 24th, 2015. (*Attached*)

5.  Briefly state the background of your case:

Plaintiff DeMarques A. Taylor *pro se,* was an employee (Court Judicial Assistant) of Denver District Courts Clerks Office beginning in August of 2012 and ending September 28th 2015 with his termination of employment from the State of Colorado's Judicial Branch. The termination followed the Plaintiffs required attendance at a Denver County Court civil case 15C64664 taking place on August 31st 2015 at 09:00am.

The hearing required the Plaintiff to use more than his allotted Personal Time Off or PTO for the month of August 2015 and required the use of Leave Without Pay and the authority of the Administrator Kelly K. Boe.

Prior to this incident, the Plaintiff had informed District Court Administrator Kelly K. Boe and other Supervisors of Medical and Mental health issues on numerous occasions and the requirement of PTO for these issues. The Plaintiff was never addressed by administration that the use of PTO for these purposes was forbidden or offered an alternative.

A substandard Board of Personnel Appeal hearing concluded in January of 2016 and the Presiding Judge in that matter Henry Nieto provided that the 2nd Judicial District of Colorado was without merit for one of the three justifications provided for the Plaintiffs termination.

(Rev. 07/06)

3
## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1) The 2nd Judicial District within the State of Colorado violated the 14th Amendment to the U.S. Constitution when terminating the Plaintiff's employment from Denver District Court; the State of Colorado, on the basis of the Plaintiff's, attendance of Denver County Court case 15C64664 on August 31st 2015.

2) The 14th Amendment to the United States Constitution states that:
   a. Section 1. *All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;* ***nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.***

3) The 14th Amendment also encompasses procedural due process wherein the intent is to prevent the government, in this case the State of Colorado, from interfering with an individual's interests in life, liberty, or property.

4) Denver County Court case 15C64664 was a civil dispute filed within Denver County, Colorado initiated by Pacificap Properties LLC, also known as the Property Management Group of the previous residence of the Plaintiff in this case Mr. DeMarques Taylor. The Plaintiffs Immediate Supervisor Jennifer Rollins was completely aware of all aspects of the case from the initial confrontation as was also aware of the fact that the Plaintiffs lack of attendance at the August 31st 2015 Final Hearing could result in the eviction of the Plaintiff from his place of residence within two days of the hearing.

(Rev. 07/06)

4
## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1) The 2nd Judicial District within the State of Colorado violated the Americans with Disabilities Act of 1990 on several occasions when failing to acknowledge and provide accommodations for the already documented evidence of the Plaintiffs battle with severe depression.

2) The Plaintiffs mental health issue did require medication, continued treatment by a health care provider and monitoring by a designated physician during his first year of treatment beginning in August of 2013.

3) The Plaintiff actively notified both his immediate Supervisors Sara Bridges and Jennifer Rollins of Mental Health issues and the use of Personal Time Off (PTO) for these purposes on numerous occasions.

4) The use of FMLA or Extended Sick Leave for any of these absences was never suggested or mentioned as an option by a Supervisor.

5) On September 10th 2014 the Plaintiff notified both his immediate Supervisor at the time Sara Bridges and her immediate Supervisor Elena Gomez, via email, of documented proof of his mental health issues. A response was never received by either Supervisors nor was the topic addressed with the Plaintiff by any other representative of Denver District Court's administrative staff. This email was provided to Supervisors following his second consecutive absence from employment wherein he used Personal Time Off and subsequently was forced to request Leave Without Pay (LWOP) for any hours not covered by Personal Time Off (PTO.)

6) The Plaintiffs diagnosed illness appeared to have never had a negative effect on the work or quality of work that was produced within his position of employment with Denver District Court at the time of his termination. It appears as if the only sign of instability arose when confrontation or conflict arose, often times coming from disagreements in the seemingly bias Administrative implementation of Employee rules.

7) The Colorado Judicial System Personnel Rules states that a 'Serious Health Condition' is defined as *"An illness, injury, impairment, or physical or mental condition that involves (ii.) Continuing treatment by a health care provider, which includes a period of incapacity of more than three calendar days or treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider...(iv.) Continuing treatment by or under the supervision of a health care provider for a chronic or long-term health condition that is incurable or so serious that, if not treated, would likely result in a period of incapacity of more than three calendar days."*

8) At the time of termination, the Plaintiff had 200+ hours of Extended Sick Leave (ESL) that he had earned every month beginning with his employment with the State of Colorado in 2012. The Plaintiff was never allowed to use this leave and so was forfeited at the time his employment with the State of Colorado ended on September 28th 2015.

(Rev. 07/06)

5
**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

1) In pursuit of the Plaintiff's termination from Denver District Court, Court Administrator Kelly K. Boe, the Human Resources Division, and members of the State Court Administrator's Office including attorney for the State Jeanette Walker Kornreich all exhibited and performed behavior that succeeded at both malpractice and malfeasance. And all the while, these same individuals and offices all performed under the protection and guise of the State of Colorado.

2) Per CJSPR 29 D.1(e) District Court Administrator Kelly K. Boe had the obligation to consider the nature and extent, seriousness and effect of the act, the type of frequency of previous undesirable behavior, the period of time that has elapsed since a prior offensive act; the previous performance evaluation of the employee, an assessment of information obtained from the employee; and any mitigating circumstances while deciding to terminate an employee as a form of Disciplinary Action.

3) District Court Administrator Kelly K. Boe, in an attempt to gather as much ammunition in support of the Plaintiffs termination, submitted false statements to the departments Legal Department in the form of direct quotes stated to have come from the Plaintiff. These statements were listed as direct quotes within the September 28th 2015 Notice of Disciplinary Action paperwork. Administrator Boe acknowledged as much at the December 10th 2015 Personnel Board Appeal Hearing when on cross examination stating that *"it was the spirit of what I heard."* At this same hearing the Administrative Authority Kelly K. Boe was unable to provide answers regarding Leave & Make-up Policies, simply answering *"I don't know"* to several questions directly relating to the circumstances surrounding the Plaintiffs termination from Denver District Court. Furthermore Mrs. Boe provided that *"I (K.Boe) leave that stuff for supervisors to figure out."*

4) Within the duration of the Colorado Judicial System Personnel Board of Review, Appeal of Disciplinary Action case and subsequent hearing beginning October 7th 2015, attorney for the 2nd Judicial District Jeannette Walker Kornreich provided the Plaintiff, a *pro se* party, with fabricated discs posed as a legitimate recording of the September 23rd 2015 Pre-Disciplinary Action hearing on two separate occasions. The first was after Judge Henry Nieto was appointed to the Appeal case and received via United States Postal Service sometime during November 2015, this disc and the envelope are currently in possession of the Plaintiff. The second, was an attempt, at the December 10th 2015 Appeal Final hearing. During a short recess attorney Kornreich admitted to Judge Nieto that the disc she'd recorded for the Appellant was blank and that the issue originated with Human Resources who provided her the disc to burn. At that point Judge Nieto directed attorney Kornreich to make a copy and mail it to the Plaintiff immediately. This disc didn't arrive until a week after the final hearing. The Plaintiff notified the presiding Judge Henry Nieto that the first disc was blank prior to the final hearing on December 6th 2015 and was told that the issue would be addressed at the final hearing. At which point another blank disc was provided to the Plaintiff.

(Rev. 07/06)

6
## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1) On September 28th 2015 both the future and present mobility of my career and my capacity to financially support myself was gravely stunted. This being a result of one Department Heads endeavor to completely prevent the Plaintiff from advancing his career in any way and is ultimately succeeding in that endeavor.

2) The State of Colorado Judicial Branch's Human Resources division and Legal Departments have employed every ploy available to avoid responsibility for 'lack of evidence' in terminating the Plaintiffs employment with Denver District Court. The State has also succeeded in completely ignoring all of the many injustices endured by the Plaintiff during as well as after his employment ended with the Courts.

3) It is because of the mental and emotional suffering that was endured by the Plaintiff after termination and the repercussions that followed that the Plaintiff would initially request the Court for an *injunction* preventing Denver District Court from providing any further information to potential future employers regarding the exact circumstances surrounding the termination of the Plaintiff from employment with Denver District Court. Other than the fact that the Plaintiff was employed with the office for over 4 years and received only satisfactory and above ratings on his performance evaluations while employed with the State of Colorado.

4) The Plaintiff also requests financial relief, both compensatory and punitive, for damages incurred including but not limited to emotional distress and pain and suffering.

(Rev. 07/06)

7

Date: _____

_____
(Plaintiff's Original Signature)

1520 S. Albion St. Apt.302
_____
(Street Address)

Denver, CO. 80222
_____
(City, State, ZIP)

303-931-0092
_____
(Telephone Number)

(Rev. 07/06)