IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00348-GPG

DeMARQUES A. TAYLOR,

    Plaintiff,

v.

2nd JUDICIAL DISTRICT DENVER, STATE OF COLORADO,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, acting *pro se,* initiated this action on February 12, 2016.  Subsequently, on February 23, 2016, he filed an Amended Complaint that asserts discrimination in violation of Title VII.  In the Charge of Discrimination that Plaintiff filed with the Equal Employment Commission, and attached to the original Complaint in this action, *see* ECF No. 1-1 at 4, he alleges Defendant discriminated against him by terminating his employment based on his race and sex.  In the body of the Amended Complaint, Plaintiff also asserts a violation of his Fourteenth Amendment rights and the Americans with Disabilities Act.

    The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated

below, Plaintiff will be ordered to file a Second Amended Complaint if he wishes to pursue his Fourteenth Amendment claims in this action along with this other claims.

To state a Fourteenth Amendment claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a *Bivens* or § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff is directed to include all claims he seeks to pursue in the Second Amended Complaint. Accordingly, it is

ORDERED that Plaintiff file, **within thirty days from the date of this Order**, a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the appropriate Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. The Second Amended Complaint must be filed on a proper Court-approved form. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this order the Court will address the claims as stated in the Amended Complaint filed February 23, 2016, pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED March 25, 2016, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge